# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TINA LOIS OGLESBY | ) | CASE NO. 05-42277 |
| | ) | CHAPTER 7 |
| Debtors | ) | |
| _____ | ) | |

## MEMORANDUM

This matter comes before the Court on the Petition to Sell Real Property and the Application to Employ Professional filed by the Chapter 7 Trustee, Harry L. Mathison ("Trustee"). In the motion to sell, the Trustee seeks authority to sell a piece of real property which he estimates has a fair market value of $32,900, and is unencumbered. The Trustee acknowledges that the debtor has claimed an exemption in the amount of $18,450 pursuant to 11 U.S.C. § 522(d)(1). The Trustee also seeks authority to employ Gibson Realty & Auction to conduct the auction of the property. The debtor counters that at the time of the filing of the bankruptcy petition, her interest in the real property consisted of only a remainder interest, valued at only $17,152.45, a figure below her exemption amount. Consequently, the debtor contends there would be no benefit to the estate by selling this property and requests the Court deny the Trustee's motion. The Court scheduled an evidentiary hearing for November 9, 2006, but on that date the parties waived a formal evidentiary hearing in this matter. The parties agreed the Court would reach its determination based upon the record, the memoranda, and the exhibits submitted by the respective parties. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bank. P. 7052.

## FINDINGS OF FACT

The facts are not controverted. On September 9, 2002, the debtor's parents conveyed a house and lot, valued at $32,900.00 in the consideration certificate, to the debtor reserving a life

estate. The debtor filed for Chapter 7 bankruptcy relief on September 22, 2005. She did not list this interest on Schedule A. On April 14, 2006, the debtor filed an amendment to her schedules disclosing her interest in the real property. On April 18, 2006, the Trustee filed an Adversary Proceeding against the life estate to force a sale of the lot. The Trustee subsequently learned that the debtor's step mother passed away several years prior to the filing of the bankruptcy petition and that the debtor's father passed away on January 7, 2006. Consequently, the Trustee dismissed his adversary and filed this motion to sell in the main case.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(E), (M), and (N) and venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court.

When a debtor files a petition for relief under Chapter 7 of the Bankruptcy Code, all legal and equitable interests they hold in property become property of an estate. 11 U.S.C. § 541(a). Property of the estate is subject to administration by the trustee for the benefit of the debtor's creditors. 11 U.S.C. § 323; § 704. To the extent that such property brings value to the estate, such property is subject to sale by the Trustee under § 363(b)(1). The Trustee contends that this property should be sold with the net proceeds, minus the debtor's exemption applied to the bankruptcy estate. The debtor counters that due to the nature of her interest on the date the petition was filed, the Trustee motion should be denied as the bankruptcy estate will not benefit from the sale.

At the time the bankruptcy case was filed, the debtor owned a vested remainder interest in the real property. Title and ownership rested with the debtor, with the grantors retaining a possessory life estate. When the debtor filed this bankruptcy case, only the remainder interest was included in the bankruptcy estate, as the filing of bankruptcy does not confer upon the trustee any

greater rights in the property than that held by the debtor. *Demczyk v. The Mutual Life Ins. Co. of New York ( In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir.1997) (property limited in the hands of a debtor is similarly limited in the hands of the trustee). Until the passing of the grantors, the Trustee could only sell the debtor's interest, the limited remainder interest. However, with the passing of the debtor's father on January 7, 2006, the remainder interest merged with the life estate granting the debtor a fee simple interest, which is fully subject to sale.

The debtor contends that because the interest was limited at the time of the petition, it cannot change character and be sold by the Trustee. The debtor characterizes the fee simple interest created by the merger of the life estate and the remainder interest as property acquired after the commencement of the case and not property of the estate. What the debtor fails to realize is that this property was already property of the estate, and that it was not "acquired" after the commencement of the case. Once the case was filed, the Trustee possessed every interest previously possessed by the debtor, including her vested remainder interest. When the debtor's father passed, the Trustee's interest in the property evolved from a remainder interest to a fee simple interest. *In re Rerisi*, 172 B.R. 525 (Bankr. E.D.N.Y. 1994). In *Rerisi*, a debtor held property as tenant by the entirety with his non-filing spouse. Post petition, pre-closing of the case, the debtor's spouse passed. The court held the trustee's interest changed from a tenant by the entirety to entire fee owner. The value of the property as originally scheduled, or the amount of the debtor's exemption had no bearing on this determination.

To conclude, until this property ceases being property of the estate, the Trustee stands in the shoes of the debtor. Should the debtor's property undergo a change in character thereby increasing in value, this increase is available to the Trustee to be used to satisfy the bankruptcy estate, notwithstanding the debtor's original valuation of the property or any claim of exemption. In the

present case, there is no legal reason not to authorize the Trustee to employ an auctioneer and sell this property.  For the reasons set forth above, an Order consistent with this Memorandum will be entered this same date.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TINA LOIS OGLESBY | ) | CASE NO. 05-42277 |
| | ) | CHAPTER 7 |
| Debtors | ) | |

_____

**ORDER**

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Trustee's Petition to Sell Real Estate is **GRANTED**.

**IT IS FURTHER ORDERED** the Trustee's Application to Employ Professional is **GRANTED**.